United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MAGDALENA OLARTE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SERGEY BRIN, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-02021-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 34 |

Lance Maclean died in a plane crash off the California coast on May 20, 2023. ECF 1-3 ¶¶ 1, 30-34. His remains, and the aircraft wreckage, now lie within the Greater Farallones National Marine Sanctuary. *Id.* ¶ 3. Maclean's surviving spouse – Maria Magdalena Olarte – seeks to recover his remains, among other relief, and commenced this action in Santa Clara Superior Court on February 8, 2024. ECF 1-1. The claims in the operative first amended complaint are: (1) tortious interference with a dead body, (2) wrongful death, (3) survival, (4) mandatory injunction, (5) products liability, and (6) conversion. ECF 1-3 ¶¶ 128-207.

On April 3, 2024, Defendants removed the case to this Court, claiming that Olarte's state law claims raise substantial disputed federal questions sufficient to give rise to federal jurisdiction. ECF 1 at 6-9. First, Defendants argue that Olarte's claims for tortious interference with a dead body and conversion "turn on whether the owners and operators of the accident aircraft are subject to the duties imposed by two federal statutes – The Wreck Act, 14 U.S.C. § 86, and The Rivers and Harbors Act of 1899, 33 U.S.C. § 401, et seq. – and, thus, obligated to recover the aircraft's fuselage and the remains of Mr. Maclean, including his personal property." ECF 1 at 7; ECF 31 at 12. Second, Defendants argue that Olarte's claim for a mandatory injunction directing Defendants to recover Maclean's remains would, absent approval from the National Oceanic and Atmospheric

1   Administration, violate the National Marine Sanctuaries Act, 16 U.S.C. § 1431, *et seq.*, thus
2   requiring construction of the relevant federal statutes and regulations. ECF 1 at 7-8; ECF 31 at 12.
3   Neither argument is grounds for denying Olarte's now-pending motion to remand.

Federal jurisdiction over a state law claim will lie if "a federal issue is: '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.' " *City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). If all four requirements are met, "federal jurisdiction exists because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746-47 (9th Cir. 2022), *cert. denied sub nom. Chevron Corp. v. San Mateo Cnty., Cal.*, 143 S. Ct. 1797 (2023) (internal quotations and citations omitted).

The relevant inquiry "often focuses on the third requirement, which asks whether the case 'turn[s] on substantial questions of federal law.' " *Cnty. of San Mateo*, 32 F.4th at 747 (citing *Oakland*, 969 F.3d at 905) (modification in original). "An issue has such importance when it raises substantial questions as to the interpretation or validity of a federal statute . . . , or when it challenges the functioning of a federal agency or program . . . ." *Id.* at 905 (citations omitted). An issue may also "qualify as substantial when it is a pure issue of law . . . that directly draws into question the constitutional validity of an act of Congress, . . . or challenges the actions of a federal agency, . . . and a ruling on the issue is both dispositive of the case and would be controlling in numerous other cases." *Id.* (citations omitted). "By contrast, a federal issue is not substantial if it is fact-bound and situation-specific . . . or raises only a hypothetical question unlikely to affect interpretations of federal law in the future . . . ." *Id.* (internal quotations and citations omitted).

Assuming, without deciding, that the remaining elements are met, the federal issues Defendants assert as the basis for federal jurisdiction here – whether they owe Olarte a duty under federal law and can comply with any injunction issued without violating federal law – are not substantial. "[I]t is not enough that the federal issue be significant to the particular parties in the

United States District Court
Northern District of California

immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue . . . ." *Gunn*, 568 U.S. at 260 (modification in original).  Rather, in evaluating whether that disputed federal issue is substantial, the Court must look "to the importance of the issue to the federal system as a whole." *Id.*  That element of importance is missing here.  The federal issues Defendants raise are certainly significant to this litigation, but they are "fact-bound and situation-specific."  *See Oakland*, 969 F.3d at 905 (finding that "evaluation of the Cities' claim that the Energy Companies' activities amount to a public nuisance would require factual determinations, and a state-law claim that is 'fact-bound and situation-specific' is not the type of claim for which federal-question jurisdiction lies.").  As such, whether Defendants are liable on Olarte's state tort claims or can comply with any injunctive relief awarded do not present "a context-free inquiry into the meaning of a federal law" that would be necessary to find a substantial federal question.  *See Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007) (reversing judgment of the district court with instructions to remand to state court, noting "[t]hat some standards of care used in tort litigation come from federal law does not make the tort claim one 'arising under' federal law").

For these reasons, the Court finds that there is no federal jurisdiction in this matter.  Accordingly, Olarte's motion to remand is **GRANTED**.  The Clerk of Court is directed to transmit the file in this matter back to Santa Clara County Superior Court.  All pending deadlines and hearing scheduled before this Court are **VACATED**.

**IT IS SO ORDERED.**

Dated: September 5, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**